IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| GTX CORPORATION, a Delaware corporation ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 6:06-cv-244 |
| ) | |
| KOFAX IMAGE PRODUCTS, INC., a. ) | |
| Delaware corporation, PEGASUS IMAGING ) | **DEMAND FOR JURY TRIAL** |
| CORPORATION, a Delaware corporation, ) | |
| NUANCE COMMUNICATIONS, INC., a ) | |
| Delaware corporation, LEAD ) | |
| TECHNOLOGIES, INC., a North Carolina ) | |
| Corporation, EASTMAN KODAK COMPANY, a ) | |
| New Jersey corporation, and XEROX ) | |
| CORPORATION, a New York corporation, ) | |
| ) | |
| Defendants. ) | |

**DEFENDANT NUANCE COMMUNICATIONS, INC.'S ANSWER TO FIRST
AMENDED COMPLAINT, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS**

Defendant Nuance Communications, Inc. ("Nuance") hereby demands a trial by jury on all issues so triable and answers the numbered paragraphs of the First Amended Complaint of Plaintiff GTX Corporation, ("GTX") as follows:

### I. THE PARTIES

Nuance Communications, Inc. answers and avers as follows, the numbered paragraphs corresponding to the like-numbered paragraphs of the Complaint:

1.   Nuance admitted, upon information and belief.

2.   Nuance is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

3. Nuance is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

4. Admitted.

5. Nuance is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

6. Nuance is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

7. Nuance is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

8. Nuance is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

## II.   JURISDICTION AND VENUE

9. This paragraph states conclusions of law to which no response is required.

10. Nuance denies that it has and continues to infringe, contributorily infringe and/or induce the infringement of United States Patent No. 7,016,536 in this district, or elsewhere. Nuance is without knowledge or information sufficient to form a belief as to the truth of the allegations that pertain to the other defendants. The remainder of this paragraph states conclusions of law to which no response is required.

## III.   STATEMENT OF FACTS

11. Nuance is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

12. Nuance admits that the '536 patent indicates on its face that it was issued on March 21, 2006, names Marvin Ling, Alan Filipski, Philip Foster and Michael Higgins as

inventors, and lists GTX as assignee, but Nuance denies any implication that the '536 patent is valid. Nuance admits that a copy of the '536 patent is attached to the First Amended Complaint as Exhibit A. Nuance is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

      13.     Nuance is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

      14.     Nuance is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

      15.     Nuance is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

      16.     Nuance is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

      17.     Nuance is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

      18.     Nuance is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

      19.     Nuance is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

      20.     Nuance is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

      21.     Nuance is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

22. Nuance is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

23. Nuance is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

24. Nuance is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

25. Nuance admits that its business includes developing and distributing computer software that processes images and that it distributes such software to organizations. Nuance denies the remaining allegations.

26. Nuance is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

27. Nuance is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

28. Nuance is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

29. Nuance is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

## FIRST CAUSE OF ACTION

### (Infringement of the '536 Patent Against Kofax)

The allegations in paragraphs 30-35 of the Complaint do not pertain to Nuance, and therefore no response from Nuance is required. To the extent an answer is required by Nuance, Nuance answers as follows:

30. Nuance incorporates by reference its answers to paragraphs 1 through 29.

31. Nuance is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

32. Nuance is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

33. Nuance is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

34. Nuance is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

35. Nuance is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

## SECOND CAUSE OF ACTION

### (Infringement of the '536 Patent Against Pegasus)

The allegations in paragraphs 36-41 of the Complaint do not pertain to Nuance, and therefore no response from Nuance is required. To the extent an answer is required by Nuance, Nuance answers as follows:

36. Nuance incorporates by reference its answers to paragraphs 1 through 35.

37. Nuance is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

38. Nuance is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

39. Nuance is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

40. Nuance is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

41. Nuance is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

### THIRD CAUSE OF ACTION

(Infringement of the '536 Patent Against Nuance)

42. Nuance incorporates by reference its answers to paragraphs 1 through 41.

43. Denied.

44. Admitted, but Nuance denies any implication that its activities require a license by GTX.

45. Denied.

46. Denied.

47. Denied.

### FOURTH CAUSE OF ACTION

**(Infringement of the '536 Patent Against Lead)**

The allegations in paragraphs 48-53 of the Complaint do not pertain to Nuance, and therefore no response from Nuance is required. To the extent an answer is required by Nuance, Nuance answers as follows:

48. Nuance incorporates by reference its answers to paragraphs 1 through 47.

49. Nuance is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

50. Nuance is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

51. Nuance is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

52. Nuance is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

53. Nuance is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

## FIFTH CAUSE OF ACTION

### (Infringement of the '536 Patent Against Kodak)

The allegations in paragraphs 54-59 of the Complaint do not pertain to Nuance, and therefore no response from Nuance is required. To the extent an answer is required by Nuance, Nuance answers as follows:

54 Nuance incorporates by reference its answers to paragraphs 1 through 53.

55. Nuance is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

56. Nuance is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

57. Nuance is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

58. Nuance is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

59. Nuance is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

## SIXTH CAUSE OF ACTION

**(Infringement of the '536 Patent Against Xerox)**

The allegations in paragraphs 60-65 of the Complaint do not pertain to Nuance, and therefore no response from Nuance is required. To the extent an answer is required by Nuance, Nuance answers as follows:

60. Nuance incorporates by reference its answers to paragraphs 1 through 59.

61. Nuance is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

62. Nuance is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

63. Nuance is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

64. Nuance is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

65. Nuance is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

## SEVENTH CAUSE OF ACTION

**(Infringement of the '536 Patent Against Canon)**

The allegations in paragraphs 66-71 of the Complaint do not pertain to Nuance, and therefore no response from Nuance is required. To the extent an answer is required by Nuance, Nuance answers as follows:

66. Nuance incorporates by reference its answers to paragraphs 1 through 65.

67. Nuance is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

68. Nuance is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

69. Nuance is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

70. Nuance is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

71. Nuance is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

## **AFFIRMATIVE DEFENSES**

Nuance asserts the following affirmative defenses to GTX's claims:

1. GTX's Complaint fails to state a claim against Nuance upon which relief may be granted.

2. Nuance has not infringed, and does not infringe, any valid claims of the '536 patent.

3. Nuance has not contributorily infringed, and does not contributorily infringe, any valid claims of the '536 patent.

4. Nuance has not induced infringement of, and does not induce infringement of, any valid claims of the '536 patent.

5. The '536 patent is invalid for failure to meet one or more of the statutory requirements for patentability set forth in 35 U.S.C. §§ 101 et seq.

6. GTX has failed to properly mark its products pursuant to On information and belief, prior to the filing of the Complaint against Kodak,

7. GTX failed to properly mark its products covered by the '536 patent under 35 U.S.C. § 287(a) or otherwise provide Nuance with notification of any alleged infringement of the '536 patent, and GTX is barred from recovering damages for any alleged infringement of the '536 patent by Nuance prior to the filing of the Complaint.

## COUNTERCLAIMS

Counterclaim-Plaintiff Nuance Communications, Inc. ("Nuance") asserts the following counterclaims against Counterclaim-Defendant GTX Corporation ("GTX"). Nuance alleges as follows:

## THE PARTIES

1. Nuance is a corporation incorporated under the laws of Delaware with its corporate headquarters at 1 Wayside Road, Burlington, Massachusetts 01803.

2. Upon information and belief, GTX is a corporation incorporated under the laws of Delaware with its principal place of business at 15333 North Pima Road, Suite 116, Scottsdale, Arizona 85260.

## JURISDICTION AND VENUE

3. This is an action for declaratory relief. This Court has subject matter jurisdiction over the following counterclaims based on 28 U.S.C. §§ 1331, 1338, 1367, 2201, and 2202.

4. Venue is proper in this judicial district under 28 U.S.C. §§ 1391 and 1400.

## FIRST COUNTERCLAIM

**(Declaratory Judgment of Noninfringement)**

5. Nuance incorporates and realleges paragraphs 1 through 4 above.

6. GTX alleges that it is the owner of United States Patent No. 7,016,536 ("the '536 Patent"), and GTX has brought suit against Nuance for infringement of the '536 Patent.

7. The '536 Patent is not infringed by any products made, used, sold, offered for sale or imported by Nuance.

8. An actual case or controversy exists between Nuance and GTX based on GTX having filed a Complaint against Nuance alleging infringement of the '536 Patent.

9. Declaratory relief is both appropriate and necessary to establish that the '536 Patent is not infringed by any products made, used, sold, offered for sale or imported by Nuance.

10. Nuance is entitled to a declaratory judgment that Nuance does not infringe the '536 Patent.

## SECOND COUNTERCLAIM

### (Declaratory Judgment of Invalidity)

11. Nuance incorporates and realleges paragraphs 1 through 10 above.

12. On information and belief, the '536 Patent is invalid for failure to meet one or more of the statutory requirements for patentability set forth in 35 U.S.C. §§ 101 et seq.

13. An actual case or controversy exists between Nuance and GTX based on GTX having filed a Complaint against Nuance alleging infringement of the '536 Patent.

14. Declaratory relief is both appropriate and necessary to establish that the '536 Patent is invalid.

15. Nuance is entitled to a declaratory judgment that the '536 Patent is invalid.

## PRAYER FOR RELIEF

WHEREFORE, Nuance denies that GTX is entitled to any of the relief requested in its Complaint and requests that this Court:

1. Dismiss GTX's Complaint with prejudice;

2. Deny all relief requested by GTX;

3. Enter judgment declaring that Nuance has not infringed, contributed to the infringement of, or induced the infringement of any valid claim of the '536 Patent;

4. Enter judgment declaring the '536 Patent invalid;

5. Find that this case is exceptional pursuant to 35 U.S.C. § 285 and award Nuance its attorneys' fees, expenses and costs incurred in connection with this action; and

6. Grant such further relief as the Court may deem appropriate.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Nuance hereby demands a trial by jury on all issues so triable.

August 28, 2006                                  Respectfully submitted,

                                                                 /s/ Douglas J. Kline
                                                                 Douglas J. Kline – Lead Attorney
(*Admitted Pro hac vice*)
Daniel M. Forman (*Admitted Pro hac vice*)
Jonathan W. Lent (*Admitted Pro hac vice*)
Kenneth E. Radcliffe (*Admitted Pro hac vice*)
Goodwin Procter LLP
Exchange Place
53 State Street
Boston, MA 02109
Telephone: (617) 570-1000
Facsimile: (617) 523-1231
Email: dkline@goodwinprocter.com
Email: dforman@goodwinprocter.com
Email: jlent@goodwinprocter.com
Email: kradcliffe@goodwinprocter.com

S. Calvin Capshaw
State Bar No. 03783900
Elizabeth L. DeRieux
State Bar No. 05770585
Brown McCarroll, LLP
1127 Judson Road, Suite 220
Longview, Texas 75601
Telephone: (903) 236-9800
Facsimile: (903) 236-8787
Email: ccapshaw@mailbmc.com
Email: ederieux@mailbmc.com

ATTORNEYS FOR DEFENDANT
NUANCE COMMUNICATIONS, INC.

## CERTIFICATE OF SERVICE

      The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served this 28th day of August, 2006, with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3). Any other counsel of record will be served by electronic mail, facsimile transmission and/or first class mail on this same date.

                                                                /s/ Douglas J. Kline

LIBA/1723811.4